IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>SEBASTIAN NEGRON TORRES<br><br>DEBTOR(S) | CASE NO. **21-03391 ESL**<br><br>CHAPTER 13 |

**TRUSTEE'S OBJECTION TO CLAIM NUMBER <u>01</u>**
**<u>FILED BY ROBERTO LOPEZ GONZALEZ</u>**
**& REQUEST FOR WAIVER TO PLACE BOND**

TO THE HONORABLE COURT:

COMES NOW, Alejandro Oliveras Rivera, Chapter 13 Trustee, who most respectfully, STATES and PRAYS as follows:

1. On December 02, 2021, claim number 01 was filed by ROBERTO LOPEZ GONZALEZ. Claimant filed unsecured claim in the total amount of $7,200, of which $3,200 was claimed with priority status pursuant to Bankruptcy Code Section 507(a)(7), and the remaining $4,000 were claimed with general unsecured status.

2. Trustee objects to the amount of $3,200 claimed with priority status, arguing that based on the supporting documentation attached to the proof of claim, the entire debt of $7,200 should be allowed as general unsecured. Namely, the supporting documentation is a state court judgment, from which it can be gathered that the $7,200 judgment debt was based on $6,200 owed for a personal loan plus $1,000 of imposition of attorney's fees. As provided for in Bankruptcy Code Section 507(a)(7), the priority amount is limited to $3,025 and it must be "*arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided*", 11 U.S.C. § 507(a)(7)".

3. This Honorable Judge in the case of In re <u>In re Palmas del Mar Country Club, Inc.</u>, 443 B.R. 569 (Bankr D.P.R. 2010) discussed the criteria to consider, when reviewing a claim filed as priority pursuant to Bankruptcy Code Section 507(a)(7). In such case, this Honorable Court reasoned:

> "The purpose of this priority is to protect consumers who make deposits for goods or services that at the time of the bankruptcy filing were not provided to such consumer. 4 Alan N. Resnick and Henry J. Sommer, *Collier on Bankruptcy,* ¶

507.09 (16th Ed. Rev'd 07/2010). The operative word in this provision is "deposit" which has been defined as "something placed for safekeeping: as (a) money deposited in a bank, (b) money given as a pledge or down payment." *Merriam-Webster Online Dictionary. In re Heritage Village Church and Missionary Fellowship, Inc.,* 137 B.R. 888 (Bankr.D.S.C.1991). Also "to place for safekeeping or in trust", "to give as security or in part-payment", "anything laid away or entrusted to another for safekeeping", "anything given as security or in part payment." The *Random House College Dictionary* (Rev'd Ed. 1980), and "the act of giving money or property to another who promises to preserve it or to use it and return it in kind." *Black's Law Dictionary* (8th Ed. 2004).

The legislative history indicates that this priority should be broadly interpreted. Therefore, there is some confusion in cases considering this priority, and some courts have granted the priority to consumer claims although they seem to be out of the scope of the statutory language. 4 *Collier on Bankruptcy* at ¶ 507.09.

The legislative history of this priority provides as follows:

The purpose of this priority is to protect consumers who leave a deposit or lay merchandise away, and who do not receive the merchandise from the retailer who files a petition.

A consumer that pays money on a layaway plan or as a deposit on merchandise, or that buys a service contract or a contract for lessons or a gym membership, is a general unsecured creditor of the business to which he had given his money. Very few consumers are aware of their status as general unsecured creditors. If the merchant involved files under the bankruptcy laws, the consumer is usually left holding the bag. Though he assumed his deposit was tantamount to a trust fund, he gets nothing from the estate of the debtor, because the assets available provide little return to unsecured creditors. Because of his ignorance and his inability to bargain with a retail merchant, he is unable to do a credit investigation or obtain special terms from the merchant, as a true creditor may do.

In order to remedy this situation this bill provides a priority for these consumer creditors of a business in bankruptcy. *Id.* at ¶ 507.09[1]".

4. Considering the pronouncements in the case of In re Palmas del Mar Country Club, Inc., supra, proof of claim no. 1 filed in the

instant case does not include information establishing an entitlement to the priority status of $3,200.00. The supporting documentation is a state court judgment that mentions that the basis of the debt is a personal loan. A personal loan in itself is not contemplated in the criteria discussed by this Court in the case of <u>In re Palmas del Mar Country Club, Inc., supra</u>, for an entitlement of priority status under Section 507(a)(7).

    5.   Trustee is required under 50 App. U.S.C.A. § 521(b)(1) and under the local rules of the Puerto Rico Bankruptcy Court, to submit with this motion an affidavit stating whether the defendant (in our case, claimant) is in military service. The only manner in which trustee is able to determine an individual's military service is through the web page https*://www.dmdc.osd.mil/appj/scra/single_record.xhtml*, which requires the person's full name, date of birth and social security number. Trustee submits that he cannot determine if claimant is in military service, insofar as he does not have access or way to verify claimant's date of birth and social security number. The above said is attested in a declaration under penalty of perjury pursuant to 50 App. U.S.C.A. § 521(b)(1)(B) and incorporated into this motion.

    6.   When an affidavit is filed under 50 App. U.S.C.A. § 521(b)(1), indicating that the moving party cannot ascertain the defendants' military status, the court may order the plaintiff (in this case the trustee, as moving party) to place a bond. In this respect, 50 App. U.S.C.A. § 521(b)(3) provides as follows:

> "*(3) Defendant's military status not ascertained by affidavit*
>
> *If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, <u>**may require**</u> the plaintiff to file a bond <u>in an amount approved by the court</u>. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. <u>The bond shall remain in effect until</u> expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act [sections 501 to 596 of this Appendix]".* (Emphasis added.)

    7.   In connection with the requirement of the cited section, trustee has attached to this objection the required declaration under penalty of perjury to attest that he is unable to determine the military

status of claimant; insofar he does not have personal identifiable information of the claimant.

8. Additionally, as appearing from the cited section, this Honorable Court has discretion to order or not, the placing of a bond. Trustee requests that he be excused from placing the bond. In support of this request, trustee submits the following considerations:

(a) Claimant submitted to the jurisdiction of this bankruptcy court in this case by filing the proof of claim. See *In re Asousa Partnership*, 276 B.R. 55 (Bankr.E.D.Pa. 2002).

(b) Trustee has notified Claimant of this motion, by sending him a copy of this document by regular U.S. Postal Service mail, at the address provided by Claimant in the proof of claim.;

(c) If an order is entered granting or denying the objection contained in this motion, Claimant has available the remedies under Bankruptcy Code Section 502(j) and Federal Rule of Bankruptcy Procedure 3008, to request at any time before the case is closed, the reconsideration, of the order allowing or denying the objection, upon showing cause. Thus, with such remedy, claimant has the ability to address any loss or damage he/she may suffer or may have suffered in connection with the order allowing or denying the objection.

(d) Pursuant to Bankruptcy Code Section 1302(b)(1), which cross-references Section 704(a)(5), trustee has a statutory duty to examine proofs of claims and object to the allowance of any claim, if purpose would be served. In connection with his duty, trustee submits that he has examined the claim and, as per the arguments stated in the objection, there are meritorious grounds for objecting the claim.

(e) Lastly, the cost involved in placing a bond for every objection of claims filed by individual would be extremely burdensome in the administration of this and all other cases handled by trustee, including consideration of delay in obtaining the bond and obtaining prior approval by the United States Trustee for each of such bonds. Additionally, obtaining the bond will represent an additional expense of administration, which may be in detriment of the creditors of this case and of other cases.

9. If despite trustee's arguments, the Court determines that the bond is needed, trustee requests that the court fix the amount required, as Section 521(b)(3) of the Servicemember Civil Relief Act provides that the bond will be "*in an amount approved by the court*". In fixing the amount of the bond, trustee respectfully requests that this Honorable Court consider whether the claim is liquid or unliquidated.

If liquid in nature, the bond could be equal to the amount of the claim. If unliquidated, the bond should be in the amount as per the estimation of the claim under Section 502(c) of the Bankruptcy Code, or, in the alternative, in the amount listed in the claim.

10. To the Trustee's best knowledge, information and belief, debtor(s) do not belong to the U.S. Armed Forces, the U.S. Coast Guard, the U.S. Public Health Service or the National Oceanic and Atmospheric Administration. A certificate issued by the U.S. Department of Defense, Manpower Data Center is attached to the original motion filed and the Trustee's copy regarding the military status of Debtor(s).

11. For the reasons stated above, the Trustee requests this Honorable Court to deny the $3,200 priority claim and to allow the entire claim of $7,200 with general unsecured status.

**WHEREFORE,** the Trustee requests this Honorable Court that with respect to proof of claim no. 1, that the priority portion of $3,200 be denied and that the entire amount subject of the proof of claim, which is in the amount of $7,200 be allowed with non-priority unsecured status.

**DECLARATION UNDER PENALTY OF PERJURY TO CERTIFY TRUSTEE IS UNABLE TO DETERMINE CLAIMANT'S MILITARY STATUS**
**50 App. U.S.C.A. §521(b)(1)(B)**

I, Sheila Ruiz Beltran, of legal age, and employed as a claims and confirmation clerk by the office of Standing Chapter 13 Trustee Alejandro Oliveras Rivera, declare under penalty of perjury the following:

1. The Trustee is filing with this declaration an objection to proof of **claim No. 01** filed by individual of the name **ROBERTO LOPEZ GONZALEZ.**

2. The only manner in which the Trustee can verify if an individual is in military service or not is through the website https://www.dmdc.osd.mil/appj/scra/single_record.xhtml. This website requires personal identification information of claimant **ROBERTO LOPEZ GONZALEZ,** including date of birth and social security number. The Trustee does not have the claimant's date of birth and social security number.

3. Accordingly, the Trustee is unable to determine whether or not the claimant is in military service.

4. I provide this declaration in compliance with P.R. LBR 3007(a) and section 201(b)(1) of the Service Member Civil Relief Act ("SCRA").

In San Juan, Puerto Rico, on January 10th, 2022.

By: /s/SHEILA RUIZ BELTRAN
Sheila Ruiz Beltran
Claims and confirmation clerk

**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062

**NOTICE:** Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all parties in this case registered for receipt of notice by electronic mail. I further certify that the foregoing document has been served to the U.S. Trustee at ustregion21.hr.ecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to the non CM/ECF participants: debtor(s), debtor's attorney, claimant **ROBERTO LOPEZ GONZALEZ, PO BOX 361582, SAN JUAN, PR 00936** and parties in interest that have filed a notice of appearance included in the service list attached to the original hereof.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, on January 10, 2022.

/S/ALEJANDRO OLIVERAS RIVERA
**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 787-977-3500
Fax 787-977-3521
CCC-SRB

21-03391-ESL     CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the foregoing document was mailed by first class mail or electronically sent to the parties listed below:

ROBERTO LOPEZ GONZALEZ

PO BOX 361582
SAN JUAN, PR 00936

SEBASTIAN NEGRON TORRES

658 AVE MIRAMAR 901
SAN JUAN, PR 00907

VICTOR THOMAS SANTIAGO*

127 AVE DE DIEGO STE 1A
SAN JUAN, PR 00911-1909

DATED: January 10, 2022

/S/OLGA LOPEZ
OFFICE OF THE CHAPTER 13 TRUSTEE

Page 1 of 1     - CASE NO 21-03391-ESL